IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CR-107-1H

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| ANTONIO C. DAUGHTRIDGE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the Government's Amended Motion for Authorization to Collect DNA Samples [DE #75], which was referred to the undersigned for disposition by Senior United States District Judge Malcolm J. Howard. On November 21, 2017, a federal grand jury returned a second superseding indictment charging Defendant with, among other things, using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) and two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The Government seeks an order authorizing ATF agents to obtain buccal swab samples from Defendant to compare with any DNA that may be found on the two firearms seized in connection with this case.

There is no question that the Fourth Amendment applies to the Government's request, as the Supreme Court so held in *Maryland v. King*, 569 U.S. 435, 446 (2013) ("Virtually any 'intrusio[n] into the human body' will work an invasion of '"cherished personal security"' that is subject to constitutional scrutiny." (citations omitted)

(alteration in original)). Applying the Fourth Amendment reasonableness standard, the Supreme Court in *King* upheld a Maryland law permitting law enforcement authorities to conduct buccal swabs of individuals arrested for serious offenses as part of the booking process. The Court determined that "the need for law enforcement officers in a safe and accurate way to process and identify the persons and possessions they must take into custody" outweighed the privacy interests of arrestees given the minimally intrusive nature of buccal swabs and the diminished expectation of privacy of the arrestees. *Id.* at 449-66. The *King* Court explained:

> In light of the context of a valid arrest supported by probable cause, respondent's expectations of privacy were not offended by the minor intrusion of a brief swab of his cheeks. By contrast, that same context of arrest gives rise to significant state interests in identifying respondent not only so that the proper name can be attached to his charges but also so that the criminal justice system can make informed decisions concerning pretrial custody. Upon these considerations the Court concludes that DNA identification of arrestees is a reasonable search that can be considered part of a routine booking procedure. When officers make an arrest supported by probable cause to hold for a serious offense and they bring the suspect to the station to be detained in custody, taking and analyzing a cheek swab of the arrestee's DNA is, like fingerprinting and photographing, a legitimate police booking procedure that is reasonable under the Fourth Amendment.

*King*, 569 U.S. 435 at 465–66.

In this case, the Government requests authorization to conduct a buccal swab, not as part of the booking process, but for the purpose of securing evidence; and the governmental interests are different from those recognized in *King*. Here, the buccal swab is not sought for purposes of identification or for determining an arrestee's criminal record to ensure the safety of arresting officers, jail staff, or other detainees.

2

Nor is it sought to assist the court in determining the risk of flight or danger posed by an arrestee's release. A DNA sample was already been obtained from Defendant upon his arrest, but the Government contends the sample previously obtained cannot be used for the purposes it seeks here. (Suppression Hrg. Tr. [DE #102] at 104.)

As Justice Scalia noted in his dissent in *King*, evidentiary searches require not only reasonableness, but also individualized suspicion:

> The Fourth Amendment forbids searching a person for evidence of a crime when there is no basis for believing the person is guilty of the crime or is in possession of incriminating evidence. That prohibition is categorical and without exception; it lies at the very heart of the Fourth Amendment.
>
> . . . .
>
> So while the Court is correct to note . . . that there are instances in which we have permitted searches without individualized suspicion, "[i]n none of these cases . . . did we indicate approval of a [search] whose primary purpose was to detect evidence of ordinary criminal wrongdoing." *Indianapolis v. Edmond*, 531 U.S. 32, 38, 121 S.Ct. 447, 148 L.Ed.2d 333 (2000). That limitation is crucial. It is only when a governmental purpose aside from crime-solving is at stake that we engage in the free-form "reasonableness" inquiry that the Court indulges at length today.

*King*, 569 U.S. at 468 (Scalia, J., dissenting) (alterations in original).

After the filing of the Government's motion, the court suppressed evidence of the firearm seized from the vehicle driven by Defendant on November 6, 2015. (See July 10, 2018, Order [DE #106].) As such, the Government's motion to obtain evidence linking Defendant to this firearm is moot.

With regard to the other firearm, which Defendant is alleged to have possessed on or about March 8, 2015, there has been no showing of the existence of DNA to

compare to Defendant's. Instead, the Government seeks to obtain a DNA sample from Defendant prior to determining whether there is any DNA evidence that can be extracted from the firearm. Accordingly, the court finds that the Government has not met its burden of demonstrating individualized suspicion that a buccal swab will lead to admissible DNA evidence and, therefore, DENIES the Government's motion.

This 10th day of September 2018.

_____
KIMBERLY A. SWANK
United States Magistrate Judge